IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | : | |
| v. | : | Civil Action No. |
| $8,047.00 in U.S. CURRENCY,<br>Defendant | : | GLR 13CV1476 |

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan T. Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.  This is a civil forfeiture action against U.S. currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS IN REM

2.  The defendant property consists of $8,047 in U.S. Currency (hereinafter, the "Defendant Property").

3.  The Defendant Property was seized on September 13, 2012, on Southbound Interstate 95 at mile marker 79.4 from a 2003 Nissan 350Z with Ohio registration FPR 4684.

## JURISDICTION AND VENUE

1

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

6. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

8. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

9. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Gregory Barnes, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the defendant property;

3. That Judgment of Forfeiture be decreed against the defendant property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and

5. That the plaintiff has such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

5/20/2013
Date

Evan T. Shea
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $8,047.00 in United States Currency.

I, Edward Marcinko, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $8,047 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

A. On September 13, 2012, Trooper First Class (TFC) J. Twardowski, of the Maryland State Police, assigned to the JFK Highway Barrack, stopped a 2003 Nissan 350Z bearing Ohio registration FPR 4684 on Southbound Interstate 95 at mile marker 79.4 in Harford County, Maryland, for speeding and eluding police.

B. After Twardowski pulled behind the car and turned on his lights to initiate the traffic stop, the car traveled approximately 7.5 miles before pulling over onto the shoulder.

C. Upon approaching the vehicle. MARQUEZ was immediately placed in custody for eluding of the police by failing to stop.

D. The driver, who was the only individual in the car, was identified as Jose Manuel MARQUEZ by his New Jersey driver's license.

E. It was later learned the vehicle was registered to an individual named Abel M. Marquez.

F. MARQUEZ did not speak English well.

G.      An inventory of the vehicle was completed incident to the arrest of MARQUEZ. Officers conducting the inventory discovered a large amount of United States Currency, totaling $8.047.00 dollars in multiple denominations directly behind the driver's seat.

H.      MARQUEZ was transported to the JFK Highway Barrack for processing. At the barrack, officers conducted a secondary search of Marquez and discovered an additional $920.00 dollars of U.S. Currency in his shirt pocket.

I.      Twardowski then interviewed MARQUEZ.

J.      During the interview MARQUEZ stated that the car he was driving belonged to his brother, Abel Marquez.

K.      MARQUEZ further stated that he had picked up the car earlier in the day in New York.

L.      MARQUEZ further stated that he was driving south to pick up Abel Marquez from an airport, but MARQUEZ could not say which airport.

M.      A K-9 scan was conducted on the currency, and the K-9 alerted positively for the presence of a controlled dangerous substance.

N.      The officers elected not to charge MARQUEZ with eluding the police, but did seize the $8.047.00 dollars as subject to forfeiture.

O.      The officers conducted a criminal history check on MARQUEZ, and could identify no prior criminal record.

P.      Officers conducted a check for wages and employment for MARQUEZ through the Maryland Department of Labor, Licensing, and Regulation and also conducted a national search for wages in the other 49 states. MARQUEZ reported earnings totaling $7,531.30 for the first half of 2012. Additionally, MARQUEZ reported earnings totaling $8,811.63 in the fourth

quarter of 2011. Finally, MARQUEZ received unemployment benefits totaling $12,073.68 in the second and third quarters of 2011.

Q.   On September 28. 2012, MARQUEZ faxed documents to support his claim to the currency. Those documents included a bill of sale and a title closing statement, indicating the sale of a candy store in 2009 in which MARQUEZ received $7,907.26 dollars as the seller.

R.   MARQUEZ also faxed a copy of his 2011 tax return which states reported earnings of $21.769.00 dollars and unemployment compensation of $4,630.00 dollars, for a total of $27.399.00 dollars.

S.   Another of the documents MARQUEZ provided was a letter from the general manager of a Days Inn, which states that MARQUES has been employed with the Days Inn since April, 2004, and currently earns $15.70 per hour.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $8,047.00 U.S. CURRENCY FROM JOSE MARQUES ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

*[signature]*
Edward Marcinko
Special Agent
Drug Enforcement Administration

## VERIFICATION

I, Evan T. Shea, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

5/20/2013
Date

Evan T. Shea
Assistant United States Attorney